UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN EGAN D/B/A IMPORTICOS | CIVIL ACTION |
| VERSUS | NO. 07-6385 |
| MARYLAND CASUALTY COMPANY | SECTION "N"  (3) |

# **ORDER AND REASONS**

Before the Court is Plaintiff John Egan's **Motion to Remand (Rec. Doc. 6)**. The motion is opposed by Defendant Maryland Casualty Company ("MCC"). After considering the memoranda filed by the parties and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

Plaintiff John Egan filed the instant suit in the Civil District Court for the Parish of Orleans on August 29, 2007, claiming that MCC failed to fairly and promptly adjust his claim for damage to his business suffered during Hurricane Katrina. Plaintiff demanded the full value of his loss. He also stated claims for damages pursuant to LA. CIV. CODE arts. 1983, 2298, and 2315, and LA. REV. STAT. §§ 22:658 and 22:1220. MCC removed the suit to this Court on October 2, 2007.

## II. ANALYSIS

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a

1

preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F.Supp. 85, 87 (E.D. La.1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1335.

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount–a burden which can be met by: (1) showing state procedural rules binding Plaintiff to his pleadings; or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Based upon a review solely of the allegations in the state court petition in this matter, it is

not "facially apparent" that Plaintiff's claim exceeds $75,000.00, exclusive of interest and costs.[1] Since Plaintiff is not permitted to claim a specific monetary amount of damages in his petition and there is no discussion of the extent of the damage to Plaintiff's business, the petition provides little guidance as to the value of the instant claim. Plaintiff did attach the Declarations page of the policy in question to his original complaint, which shows applicable coverage limits well in excess of $75,000.00. *See* Compl. at Ex. A (Rec. Doc. 1). This evidence of policy limits alone, however, does not establish that the amount in controversy exceeds the jurisdictional minimum, where Plaintiff has not alleged in his state court petition that he is claiming damages for the full amount of the policy limits. The Fifth Circuit Court of Appeals has held that, in a claim based upon recovery under an insurance policy, it is the "value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court is permitted to consider any summary judgment-type evidence submitted by MCC as to the amount in controversy as of the time of removal. The primary piece of evidence is an affidavit from Defendant's counsel, declaring that, in August 2006, which was prior to removal, Plaintiff made an additional claim under his policy for a full year of business interruption coverage from August 29, 2005, or at least from that date until July 1, 2006, when the roof at his property was repaired. *See* Opp. Ex. D at ¶5 (Rec. Doc. 7). MCC had already paid out on the business interruption claim for the period of August 2005 to February 2006, at an

---

[1] It is undisputed that the two parties are citizens of different states, satisfying the first prong of the test for diversity jurisdiction.

average monthly rate of $13,572.00. *See id.* at ¶4. This evidence suggests that the claim for an additional six months of business interruption coverage would be valued at $81,432.00.[2] This amount alone exceeds the $75,000.00 amount in controversy requirement, without consideration of Plaintiff's additional claims.

The defendant having established by a preponderance that the claim exceeds $75,000.00, Plaintiff is required to show to a legal certainty that the claim is valued at less than $75,000.00, either by pointing to state procedural rules binding Plaintiff to its pleading, or by timely filing an affidavit declaring that the claim is less than that amount. *De Aguilar*, *supra*. Plaintiff has done neither, and thus fails to make the required showing to a legal certainty.

### III. CONCLUSION

Based on the foregoing analysis, Plaintiff's **Motion to Remand (Rec. Doc. 6)** is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of October, 2008.

        **KURT D. ENGELHARDT**
        **UNITED STATES DISTRICT JUDGE**

---

[2] Of course, were the factfinder to conclude that Egan was entitled to additional business interruption payments from February 29, 2006 only until July 1, 2006, rather than the full year, Egan would collect less than $75,000 (though he might collect additional damages from his claims under other statutes). But diversity jurisdiction is not defeated by a damages award that is less than the amount in controversy requirement, so long as the good faith claim exceeds the required amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).